UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> V. <br><br> ELDON LAMAR WASHINGTON, <br><br> Defendant. | CRIMINAL NO. 5:13-03-KKC <br><br><br> **OPINION AND ORDER** |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on defendant Eldon Lamar Washington's motion (DE 141) that appears to ask the Court to order that he receive credit against his sentence pursuant to the First Step Act.

Washington is currently serving a 33-month sentence for violating the terms of his supervised release. His projected release date is July 8, 2022. The Sixth Circuit Court of Appeals has explained the history of criminal violations that led to Washington's current sentence:

> Washington was convicted of distributing 28 grams or more of cocaine base. On November 21, 2013, he was sentenced to 72 months of imprisonment, to be followed by five years of supervised release. As the result of an 18 U.S.C. § 3582(c)(2) motion for a sentence reduction, the district court reduced his sentence to 60 months in 2015.
>
> Washington began his term of supervised release on August 23, 2017. In 2018, after pleading guilty to Kentucky charges of attempting to tamper with physical evidence, attempted possession of a controlled substance, and attempting to flee

> and evade police, Washington was charged with a violation of his supervised release. The district court found him guilty of the violation but continued his term of release.
>
> On March 8, 2020, Washington was arrested in Boyle County, Kentucky, and charged with fleeing and evading police, tampering with physical evidence, resisting arrest, trafficking in methamphetamine, trafficking in synthetic drugs, and trafficking in heroin. As a result, the Probation Office petitioned for a warrant for his violation of the terms of his supervised release.

(DE 132, *United States v. Washington*, No. 20-5958 (6th Cir. Filed Dec. 23, 2020).

The First Step Act became effective on December 21, 2018. That was years before the most recent judgment sentencing Washington to a prison term for violating the terms of his supervised release. (DE 10, Revocation Judgment). Thus, to the extent that the First Step Act had any impact on Washington's sentence, the Court applied the Act at sentencing and, thus, he has already received any of its benefits.

The First Step Act also expanded good-time credits for prisoners serving a federal sentence. First Step Act, Pub. L. No. 115-391, § 102, 132 Stat. 5194 (2018). However, to the extent that Washington complains that the Bureau of Prisons (BOP) is not calculating his good-time credits correctly, this Court has no jurisdiction at this point to address that issue. "After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence." *United States v. Wilson*, 503 U.S. 329, 335 (1992). Any request for good-time credit must first be made to the Attorney General through the BOP upon imprisonment after sentencing. *Rogers v. United States*, 180 F.3d 349, 357–58 (1st Cir. 1999).

Thus, Washington must first request good-time credits through the BOP's administrative process. *See* 28 C.F.R. § 542.10–16. If, after exhausting all BOP procedures, he is dissatisfied with the BOP's final decision, he may seek judicial review of it by filing a petition under 28 U.S.C. § 2241. *See Rogers v. United States*, 180 F.3d 349, 358 (1st Cir. 1999).

For all these reasons, Washington's motion (DE 141) for credit against his sentence pursuant to the First Step Act is DENIED.

This 24th day of January, 2022.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY